UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FELTON MATTHEWS ) | 3:06-cv-0401-RLH (VPC) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| A. ENDEL, *et al*. ) | |
| Defendants. ) | September 12, 2007 |

This Report and Recommendation is made to the Honorable Roger L. Hunt, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment (#59). Plaintiff opposed (#66) and defendants replied (#85). For the reasons stated below, the Court recommends that defendants' motion for summary judgment (#59) be granted in part and denied in part.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Felton L. Matthews, Jr., a *pro se* prisoner, is currently incarcerated by the Nevada Department of Corrections ("NDOC") at the Lovelock Correctional Center ("LCC") (#33). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his Eighth Amendment right prohibiting cruel and unusual punishment and his Fourteenth Amendment rights to equal protection and due process while he was incarcerated at LCC and Ely State Prison ("ESP") (#4). Plaintiff names as defendants Adam Endel, ESP Assistant Warden of Programs; Cherie Scott, Assistant Warden of Operations; Joyce Thomson, "Head Case Worker LCC;" and Bruce Harkreader, "Unit 5 Hole Caseworker for Dis-Seg & Ad-Seg inmates." *Id*.[1]

---

[1] On October 5, 2006, the District Court granted in part defendants' motion to dismiss to the extent that the complaint sought damages against defendants Scott and Harkreader in their official capacities (#20). On November 15, 2006, the District Court ordered that "J. Thompson" be substituted for the defendant identified only as "CCSW III" in plaintiff's complaint (#30).

Plaintiff alleges that defendants have refused to protect him from physical and sexual assaults, harassment, and damage to his personal property by other inmates by denying him access to protective segregation. *Id*. Plaintiff further alleges that the prison denied him protective segregation status based upon false information contained in his institutional file that he failed in a protective unit at LCC and that he is a "violent homosexual." *Id*. Plaintiff claims he has a liberty interest in being housed in protective segregation. *Id*. Plaintiff also claims a liberty interest in challenging the false information in his institutional file because it affects "future parole, psyche panel, and tier ratings," and because inmate threats and assaults have increased because the false information is out in the general prison population. *Id*. Plaintiff claims that he is in "a class of inmates prone" to assaults by other inmates, and that defendants have denied him protection while protecting other inmates in his class. *Id*. Plaintiff also alleges that he is in imminent danger of physical bodily harm because defendants will not transfer him back to a medium security yard in retaliation for exercising his right to access to the courts and his refusal to take medication for his condition. *Id*.

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

> [d]istinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, __ U.S. __, 126 S.Ct. 2572, 2576 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B. Analysis**

Defendants argue that plaintiff's claims are barred by the doctrine of collateral estoppel, or alternatively, because they are moot (#59).

**1. Collateral Estoppel (Issue Preclusion)**[2]

**a. Federal Case**

Defendants first contend that plaintiff's claims are barred by the doctrine of collateral estoppel based on *Matthews v. E.K. McDaniel, et al.*, 3:05-cv-00326-ECR-VPC ("*Matthews I*") (#59). Plaintiff argues in opposition that the circumstances in *Matthews I* are not the same as those underlying the current case ("*Matthews II*"), because *Matthews I* involved different facts,

---

[2] The Supreme Court has, in recent years, has referred to collateral estoppel as "issue preclusion" and *res judicata* as "claim preclusion." *Syverson v. Int'l Business Machines Corp.*, 472 F.3d 1072, 1078 n.8 (9th Cir. 2007).

3

1  dates, and defendants (#66 and #78).[3]

2  Plaintiff originally brought *Matthews I* in state court, which defendants removed to federal court in 2005. This court dismissed plaintiff's original complaint for failure to state a claim upon which relief may be granted (#59, Exhibit C). The court subsequently granted plaintiff two more opportunities to resolve the infirmities in his complaint. *Id.*, Exhibits D and F. However, the court found that both plaintiff's first and second amended complaints failed to contain "simple, concise, and direct" averments of his claims, and that plaintiff made "a rambling and disconnected series of accusations and grievances without concern as to whether one allegation bears any relationship to the next or to his purported cause of action." *Id.* The court found that as a result, defendants were not able to frame a responsive pleading, that there was little evidence that the complaint contained a claim which might prevail, and that most of the defendants would be subject to immunity. *Id.* The court ultimately dismissed plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *Id.*

Issue preclusion, "refers to 'the preclusive effect of a judgment in foreclosing relitigation of issues that have been actually and necessarily decided in earlier litigation.'" *In re Reynoso*, 477 F.3d 1117, 1122 (9th Cir. 2007), *citing Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 n. 4 (9th Cir. 2000). The Ninth Circuit has held that issue preclusion may apply in cases in which the parties are not identical. *Jacobs v. CBS Broadcasting, Inc.*, 291 F.3d 1173, 1176 n. 2 (9th Cir. 2002). This is generally called "nonmutual collateral estoppel." *Id.* Defensive nonmutual collateral estoppel involves a defendant's attempt to preclude a plaintiff from relitigating an issue that the plaintiff previously litigated unsuccessfully against a different party. *State of Idaho Potato Com'n v. G&T Terminal Packaging, Inc.*, 425 F.3d 708, 713 n. 3 (9th Cir. 2005). The application of nonmutual collateral estoppel is appropriate only where: (1) there was a full and

---

[3] Plaintiff makes a number of new allegations in his three responses to the defendants' motion for summary judgment. *See* #66, #68, #78/88. Plaintiff also continually argues the merits of his claims rather than making arguments in opposition to defendants' assertion of the collateral estoppel doctrine. *Id.* The only issues currently before the court are whether plaintiff's claims are barred by the doctrine of issue preclusion, or alternatively, whether plaintiff's claims are moot (#59). Thus, the court disregards all new allegations and any arguments as to the merits of plaintiff's case which are irrelevant to resolving these two issues.

fair opportunity to litigate the identical issue in the prior action; (2) the issue was actually litigated; (3) the issue was decided in a final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action. *Syverson v. Int'l Business Machines Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007).

The court need not compare the issues in *Matthews I* and *Matthews II* to determine whether they are identical because the court concludes that the issues in *Matthews I* were not "actually litigated." An issue is "actually litigated" when it "is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." *See* Restatement (Second) of Judgments § 27 (2007);[4] *see also* 50 C.J.S. Judgments § 813 (2007) ("Whether an issue was actually litigated in a prior action.... is generally determined by ascertaining whether the parties to the original action disputed the issue and whether that issue subsequently was resolved by the court entertaining the action"). The court's determination must be "essential to the judgment." *In re Daley*, 776 F.2d 834, 838 (9th Cir. 1985). Defendants fail to substantively address the "actually litigated" requirement, arguing only that "because the determination that Plaintiff had failed to state a claim was based on the issues he presented in his Second Amended Complaint (Exhibit E), the issues presented in the previous case were, therefore, necessary for the final judgment" (#59, p. 11). Defendants then go on to compare the factual allegations in *Matthews I* with those in *Matthews II*, and conclude that they are identical and that each issue was "previously adjudicated." *Id.*, pp. 11-13. However, defendants do not explain how any of the issues at hand were litigated in *Matthews I*.

The court's conclusion that no issues were "actually litigated" in *Matthews I* is bolstered by the rule that issues are *not* "actually litigated" where judgements have been entered by "confession, consent, or default." *See* Restatement (Second) of Judgments § 27 (2007). An issue also is not "actually litigated" if it is "raised by a material allegation of a party's pleading but is admitted... in a responsive pleading" or "before the evidence on the issue is adduced at trial." *Id*. The common element in each of these situations is that the issues were never disputed and

---

[4] The Ninth Circuit has applied section 27 to determine the preclusive effect of a prior judgment. *In re Daley*, 776 F.2d 834, 838 n. 7 (9th Cir. 1985).

1  resolved by the court. *Amadeo v. Principal Mutual Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir.
2  2001); *see also Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326-27 (1955) (citing
3  approvingly the district court's conclusion that "'No question of collateral estoppel by the former
4  judgment is involved because the case was never tried and there was not, therefore, such finding
5  of fact which will preclude the parties to that litigation from questioning the finding thereafter'").

6  In *Matthews I*, the court dismissed plaintiff's complaint at the screening stage because
7  plaintiff could not properly plead his claims. Thus, not only were the issues in *Matthews I* not
8  "properly raised," they were never "submitted for determination" or "determined." Defendants
9  were never required to prepare a defense or to litigate an issue; in fact, all defendants did was
10 remove the case from state to federal court. The court concludes that no issues were "actually
11 litigated" in *Matthews I*, and therefore, that the doctrine of issue preclusion does not apply to bar
12 *Matthews II*.[5]

### b. State Case

14 In his opposition, plaintiff references a number of state court cases and argues that these
15 cases demonstrate that he is not able to proceed in a state forum, and therefore, should be heard
16 in a federal forum (#78/88). Defendants reply that plaintiff's statements only serve to strengthen

---

[5] Though defendants note several times that plaintiff's claim was dismissed "with prejudice," defendants fail to explain what legal effect a Rule 41(b) dismissal "with prejudice" has on *Matthews II*. Rule 41(b) states that an involuntary dismissal, unless the court otherwise indicates and except under three circumstances, is "an adjudication on the merits." Fed.R.Civ.P. 41(b). The phrase "'with prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits.'" *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (*quoting* 9 Wright & Miller, Federal Practice and Procedure Civ. 2d § 2373 (2007)); *see also Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001). Defendants do not cite, and the court was unable to find, a case that stands for the proposition that "an adjudication on the merits" is sufficient to satisfy the second prong of issue preclusion, that an issue was "actually litigated."

In addition to the collateral estoppel doctrine, claims may be barred pursuant to the doctrine of *res judicata*, or claim preclusion. Claim preclusion has different requirements than issue preclusion. *See Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir. 1993) (for a later suit to be barred by the doctrine of claim preclusion, "an adjudication must (1) involve the same "claim" as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies."). While a final adjudication on the merits is an element of the doctrine of claim preclusion, the Supreme Court has held that "it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim-preclusive effect." *Semtek*, 531 U.S. at 503. Because defendants do not argue that *Matthews II* is barred by the doctrine of claim preclusion, nor do they explain the legal effect of a 41(b) dismissal with prejudice, the court accordingly does not address these issues.

their argument that plaintiff has previously litigated the issues in *Matthews II*, and present portions of court records in a prior filed state court case, *Matthews v. State of Nevada, et al.*, 03-A-471786-C ("state case") (#85, p. 11 and Exhibits A – M).  Defendants argue that several times during the course of the state case, plaintiff made reference to the alleged slander and libel in his institutional file; therefore, plaintiff is collaterally estopped from bringing *Matthews II*. *Id.*, p. 12.

"Generally, a state court judgment has the same preclusive effect in federal court as that judgment would have in the courts of the rendering state.  This rule applies in a federal § 1983 civil rights action and includes both principles of claim preclusion and issue preclusion." *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995) (citations omitted).  The federal court must apply the preclusion law of the state where the state court judgment was rendered.  *Id.*, n.4; *see also In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001). In Nevada, "generally, to establish a claim of collateral estoppel or issue preclusion, a litigant must show that an issue of fact or law was necessarily and actually litigated in a prior proceeding."  *Kahn v. Morse & Mowbray*, 117 P.3d 227, 234-35 (Nev. 2005).  The following three elements must be present: "(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; and (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation." *Executive Management, Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 473 (Nev. 1998) (*quoting University of Nevada v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994)).  Courts must "scrupulously review the record to determine" whether the issues in the prior action were "addressed and decided." *Kahn*, 117 P.3d at 235.

A review of plaintiff's original and amended complaints in the state case reveals that plaintiff did indeed raise the issues of false information in his institutional file and of defendants' improper use of the false information in sentencing and custody (#85, Exhibits D & E).  Plaintiff also made arguments that the information in his institutional file that plaintiff has "violent homosexual tendencies" was erroneously written, that plaintiff is unable to correct or update this false or misleading information, that use of the information will affect future parole evaluations

7

and psyche-panels, and that defendants had refused to return him to LCC as a result of the information. *See* #85, Exhibits F, G, I, J, K, and L. The Nevada District Court for the County of Clark dismissed plaintiff's claims against defendant Dr. John Paglini on the grounds that he was a state-appointed psychologist and was entitled to "absolute quasi-judicial immunity." *Id.*, Exhibit M. The court also dismissed defendant Clark County Detention Center based on the fact that there is no tort liability for a municipality based solely on employing a tortfeasor. *Id.*

As the court concluded above with regard to *Matthews I*, the issues of the false information in plaintiff's institutional file and defendants' alleged improper use of that information were not "actually litigated" in the state case. Defendants do not set out their basis for concluding that these issues were actually litigated in the state case. While there are clearly similar – if not identical – issues involved in the state case and *Matthews II*, *see* #85, pp. 11-13, it does not appear from the evidence before the court that the issues in the state action were "addressed and decided." *Kahn*, 117 P.3d at 235. In the absence of argument from defendants, the court concludes that a dismissal on immunity grounds does not mean that the relevant issues were "actually litigated" and determined by the court such that they are preclusive to this case. The court concludes that the doctrine of issue preclusion based on plaintiff's state case does not apply.

**2. Mootness**

Finally, defendants argue that because plaintiff has been housed in protective custody at Lovelock Correctional Center ("LCC") since December 6, 2006, his claims are moot (#59, p. 14). Plaintiff contends that despite his transfer to LCC in 2006, defendants still consulted his institutional file and his LCC file, both of which he claims contain false information (#66). Plaintiff claims this is a "chronic problem" because defendants will continue to make custody and transfer decisions based on this information.[6] *Id.*

The court first notes that prisoners have no constitutional right to choose their location of incarceration. *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does not require

---

[6] Plaintiff also contends that this court "already denied an action to dismiss this case because I am in P/S 'now'" (#66, p. 9). The court's review of the record reveals no such order.

8

that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison, if, as is likely, the State has more than one correctional institution.... The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons") (emphasis in original). Further, the court agrees that plaintiff's transfer to LCC protective custody moots plaintiff's claim that defendants have refused him access to protective segregation. The court further concludes that plaintiff's allegation that he is in imminent danger of physical bodily harm because defendants will not transfer him to LCC protective segregation is also moot since he currently resides there.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that:

- Issue preclusion does not apply based on plaintiff's prior filed federal case, *Matthews v. E.K. McDaniel, et al.*, 3:05-cv-00326-ECR-VPC or plaintiff's prior filed state court case, *Matthews v. State of Nevada, et al.*, 03-A-471786-C, because defendants have not demonstrated that the relevant issues in either prior case were "actually litigated;" and

- Plaintiff has no constitutional right to choose the location of his confinement. Moreover, plaintiff's current incarceration in LCC protective custody moots his claims that defendants refused him access to protective custody and that he is in imminent danger of physical bodily harm because of this denial.

As such, the court recommends that defendants' motion for summary judgment (#59) be **GRANTED** as to plaintiff's claims that defendants refused him access to protective custody and that he is in imminent danger of physical bodily harm, and be **DENIED** as to all other claims.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's

9

judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (#59) be **GRANTED** as to plaintiff's claims that defendants refused him access to protective custody and that he is in imminent danger of physical bodily harm, and be **DENIED** as to all other claims.

**DATED:** September 12, 2007.



**UNITED STATES MAGISTRATE JUDGE**