FILED _____ _____ FILED
ENTERED _____ _____ SERVED ON
COUNSEL/PARTIES OF RECORD

APR - 2 2008

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FELTON MATTHEWS, | |
| Plaintiff, | 3:06-CV-0401-RLH (VPC) |
| vs. | **ORDER** |
| A. ENDEL, *et al.*, | |
| Defendants. | |

In this civil rights action, brought *pro se* by prisoner Felton Matthews, the plaintiff has filed a "Motion to Recuse Magistrate V.P. Cook" [sic] (#138), requesting that the undersigned United States Magistrate Judge recuse herself from the case. Plaintiff points to prior rulings in this case as the basis for the request for recusal.

Recusal is governed by 28 U.S.C. §§ 144 and 455. Under section 144, a party seeking recusal must set forth, in an affidavit, facts and reasons for the belief that bias or prejudice exists. *See* 28 U.S.C. § 144. The standard for recusal under sections 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for

1 | recusal. *Id.* The challenged judge should rule on the legal sufficiency of the recusal motion in the
2 | first instance *Id.* at 940.
3 |      Plaintiff's Motion to Recuse (#138) is without merit. Plaintiff has shown no reason for this
4 | judge's impartiality in this case to be questioned.
5 |      **IT IS THEREFORE ORDERED** that plaintiff's Motion to Recuse (#138) is **DENIED**.
6 |      Dated this ___ day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

2