UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| FELTON MATTHEWS, | ) | 3:06-CV-0401-RLH (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | May 2, 2008 |
| | ) | |
| A. ENDEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN          REPORTER: NONE APPEARING

COUNSEL FOR PETITIONER(S): NONE APPEARING

COUNSEL FOR RESPONDENT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Several motions are pending and the court will address each motion in turn.

**Plaintiff's motion to consolidate cases (#151)**

Plaintiff's motion to consolidate cases (#151) is **DENIED**.

**Plaintiff's motion for extension of time to respond (#153)**

Plaintiff's motion for extension of time to respond (#153) is **GRANTED** *nunc pro tunc* to Friday, April 11, 2008. Plaintiff sought this extension of time to file responses to all pending motions due to his lack of legal supplies. Due to the amount of motions and other documents which plaintiff has filed since this request, the court doubts the sincerity of plaintiff's statement, nevertheless, the extension of time is granted to April 11, 2008. The court has granted plaintiff the time that he requested, twenty days from March 24, 2008 which is April 11, 2008. Due to the number of documents plaintiff has filed since his request, the court will not grant any additional time beyond April 11, 2008.

**Defendants' motion for issuance of pre-filing order against plaintiff (#160)**

Defendants have requested a "pre-filing order" against plaintiff. The court presumes that by asking for a "pre-filing order" the defendants are requesting that the court restrict plaintiff from filing any document not pre-approved by the court in advance. Defendants state in their motion that plaintiff has been deemed a vexatious litigant by this court; however, defendants offer no citation to cases in which plaintiff has been deemed vexatious. They cite only to three cases which were

dismissed for failure to state a claim, CV-S-01-0474; CV-S-02-0209; and CV-S-02-0538.

Although not mentioned in defendants' motion, the court noted in its screening order (#3) that the plaintiff has been assessed "three strikes" pursuant to 28 U.S.C. § 1915(g) which prohibits plaintiff from proceeding *in forma pauperis* unless he alleges that he is under imminent danger of serious physical injury.  The court thoroughly screened the complaint in this case pursuant to 28 U.S.C. § 1915A and found the complaint sufficient to proceed (#3) despite the finding of "three strikes."

In response to defendants' motion, plaintiff filed a notice of future filings (#165) stating that he intends to submit pretrial motions, i.e. motions in limine, voir dire, etc., which the court would allow plaintiff to file regardless of any filing restriction.  While some of plaintiff's filings may be redundant and perhaps frivolous, the court does not find that plaintiff's filings have reached the level of harassing and vexatious at this point.  If defendants desire protection from abusive discovery practices or litigation practices, they may seek a protective order or move for sanctions pursuant to the Federal Rules of Civil Procedure.  Therefore, defendants' motion for issuance of pre-filing order against plaintiff (#160) is **DENIED**.

**Plaintiff's supplemental motion to compel discovery/request/demand for admission and interrogatories (#156);**
**Plaintiff's motion for joinder of persons needed for just adjudication (#157); and**
**Plaintiff's motion to amend/correct complaint (#163)**

Discovery in this case ended on March 17, 2008, two weeks prior to the filing of these motions.  These motions are untimely, and the court has denied plaintiff's motions to amend and join parties on at least three prior occasions (#136).  The parties are proceeding with dispositive motions in this case, and the court will not entertain any further motions to amend or extend discovery.  Therefore, plaintiff's supplemental motion to compel discovery/request or demand for admissions and interrogatories (#156) is **DENIED**.  Plaintiff's motion for joinder or persons needed for just adjudication (#157) is **DENIED**.  Plaintiff's motion to amend/correct complaint (#163) is **DENIED**.

**Plaintiff's motion for leave to supplement to response to defendants' motion for summary judgment (#174)**

Plaintiff's motion for leave to file supplement to response to defendants' motion for summary judgment (#174) is **GRANTED**.  The court construes plaintiff's motion (#174) as plaintiff's supplement and no further supplements will be accepted.

Defendants shall have to and including **Friday, May 23, 2008** to file an opposition to plaintiff's motion to reinstate eminent [sic] danger count or motion for limited injunctive relief (#152).

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:_____/s/_____
            Deputy Clerk