UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

OCT 27

FELTON L. MATTHEWS,

    Plaintiff,

vs.

A. ENDEL, et al.,

    Defendants.

3:06-CV-00401-RLH (VPC)

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

October 22, 2008

This Report and Recommendation is made to the Honorable Roger L. Hunt, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's "Motion for Emergency Preliminary Injunction. FRCP Rule 11" (#191). Defendant opposed (#194) and plaintiff replied (#197). For the reasons stated below, the court recommends that plaintiff's motion (#191) be denied.

## I. HISTORY AND PROCEDURAL BACKGROUND

Plaintiff Felton L. Matthews ("plaintiff"), a *pro se* prisoner, is currently incarcerated by the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#175). Plaintiff brought his original action pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his Eighth Amendment right prohibiting cruel and unusual punishment and his Fourteenth Amendment rights to equal protection and due process while he was incarcerated at Lovelock Correctional Center ("LCC") and ESP (#4). Plaintiff names as defendants Adam Endel, ESP Assistant Warden of Programs; Cherie Scott, ESP Assistant Warden of Operations; Joyce Thomson, "Head Case Worker at LCC"; and Bruce Harkreader, "Unit 5 Hole Caseworker for Dis-Seg & Ad-Seg inmates." *Id.*[1]

---

[1] On October 5, 2006, the District Court granted in part defendants' motion to dismiss to the extent that the complaint sought damages against defendants Scott and Harkreader in their official capacities. On November 15, 2006, the District Court ordered that "J. Thomson" be substituted for

Plaintiff filed this preliminary injunction on July 30, 2008. Plaintiff requests the court grant him the following:

> "1. Bivens Act jurisdiction for unknown CCDC actor;
>
> 2. Injunction on the use of the NDOC-CCDC I-files and C-file right now!
>
> 3. Injunction on anymore mail tamperings and blocks from and to any court. (There are new blocks); and
>
> 4. A damned evidentiary hearing with an order for copies above NDOC AR 711 to show the court the evidence. This is pending discharge with prejudice if the pardon's board refuses to capitulate as they now know about the conduct."

#191, p. 4 (emphasis in original).

The court notes that plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A.  Discussion

#### 1.  Mootness

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 528 (1988). "Mootness is a jurisdictional issue, and 'federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Foster v. Carson*, 347 f.3d 732, 745 (9th Cir. 2003), *quoting Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th cir. 1999). "If there is no longer a possibility that [a litigant] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Id., quoting Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999).

### B.  Analysis

This court recommended summary judgment be granted for defendants as to all three

---

the defendant identified only as "CCSW III" in plaintiff's complaint (#30).

2

counts of plaintiff's complaint (#209). Therefore, no actual controversy continues to exist and there is no longer a possibility that plaintiff can obtain relief for his claims. Plaintiff's motion for preliminary injunction must thus be dismissed as moot.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff's motion for emergency preliminary injunction (#191) is now moot as defendants' motion for summary judgment (#169) was recommended granted by this court (#209). As such, the court recommends that plaintiff's motion be **DENIED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for preliminary injunction (#191) be **DENIED**.

**DATED:** October 22, 2008.

_____
**UNITED STATES MAGISTRATE JUDGE**

3