# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| FELTON MATTHEWS, JR., | ) | Case No.: 3:06-cv-00401-RLH-VPC |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Report and Recommendation–#209; Report and Recommendation–#210) |
| A. ENDEL, et al., | ) | |
| Defendants. | ) | |

Before the Court is Magistrate Judge Cooke's **Report and Recommendation regarding Defendant's Motion for Summary Judgment** (#209) and Judge Cooke's **Report and Recommendation regarding Plaintiff's Motion for an Emergency Preliminary Injunction** (#210). The Court has also considered Plaintiff Felton Matthews' Objections and Opposition to Magistrate's Report and Recommendations w/ Addendum (#211), filed October 31, 2008, his Objection to Report and Recommendation (#215), filed November 10, 2008, and Defendants' Responses (##214, 216), filed November 12, 2008, and November 14, 2008, respectively.

Also before the Court is Plaintiff's **Errata Notice** (#217), filed November 19, 2008.

/

1

AO 72
(Rev. 8/82)

**BACKGROUND**

Felton Matthews, who brings this action *pro se*, is currently incarcerated at Ely State Prison by the Nevada Department of Corrections. Matthews brings suit under 42 U.S.C. § 1983, and claims that Defendants Adam Endel, Cherie Scott, Joyce Thompson, and Bruce Harkreader, all Nevada corrections officers, violated Matthews' Fourteenth and Eighth Amendment rights. According to Matthews, he has wrongly been labeled an "aggressive homosexual" in his prison file, and other inmates have become aware of this. As a result of this alleged mislabeling, Plaintiff claims he is in risk of physical danger and must be placed in protective segregation.

This case was preceded by other litigation. On May 16, 2005, Matthews filed an action in Nevada state court against Warden E.K. McDaniel, Officer Kenneth Smith, and the State of Nevada ("*Matthews I*"). In the complaint, Matthews alleged (1) the defendants committed libel and slander by placing the term "aggressive homosexual" in his prison file; (2) this defamation was the cause of his current sentencing and custody; and (3) the defendants unlawfully denied Matthews the right to protective segregation at Lovelock Correctional Center. (Case No. 3:05-cv-00326-ECR-VPC, Dkt. #7, Compl.). The case was removed to this Court by the defendants. (Dkt. #169, Ex. G, Notice of Removal). Upon screening pursuant to 28 U.S.C. § 1915, the Court dismissed Matthews' case for failure to state a claim, but granted Matthews leave to amend. (Dkt. #169, Ex. H, Order). Matthews later submitted an amended complaint, which the Court dismissed because rather than cure the defects in the original complaint, Matthews added numerous defendants and brought claims wholly unrelated to the original cause of action. (Dkt. #169, Ex. I, Order). Matthews then filed a second amended complaint, but the Court again dismissed the motion—this time with prejudice—because it was virtually identical to the first amended complaint. (Dkt. #169, Ex. K, Order).

On July 25, 2006, Matthews filed the Complaint now before the Court. First, Plaintiff claims Defendants violated his Fourteenth Amendment due process rights by placing the

term "aggressive homosexual" in his inmate file without giving him notice or a hearing regarding the label.  Second, Matthews claims Defendants violated his Eighth Amendment rights by failing to protect him from assault, harassment, and destruction of property by other inmates.  Third, Matthews argues Defendants violated his Fourteenth Amendment due process rights when they refused to assign him to protective segregation and instead placed him in administrative segregation.  Matthews also alleges this action violated his equal protection rights under Fourteenth Amendment because other inmates facing similar threats have been transferred to protective segregation.  Finally, Matthews claims Defendants violated his First Amendment rights by placing him in administrative segregation in retaliation against him for making negative comments regarding the State's treatment of sex offenders.

The Court notes that Matthews also alleges his Eighth Amendment right to freedom from cruel and unusual punishment has been violated because he is currently subject to imminent danger of physical bodily harm by not being housed in protective segregation.  This claim, however, is not currently before the Court.  On September 12, 2007, this Court granted Defendants' request for summary judgment on this claim because "plaintiffs have no constitutional right to choose the location of [their] confinement" and because Matthews' claim of imminent danger of physical harm was rendered moot when he was placed in protective custody at the Lovelock Correction Center.  (Dkt. #98, Report & Recommendation).

On April 18, 2008, Defendants filed a Motion for Summary Judgment (#169) with this Court.  Magistrate Judge Cooke granted the Motion on October 21, 2008 (#209).  On July 30, 2008, Matthews filed a Motion for an Emergency Preliminary Injunction (#191).  On October 27, 2008, Judge Cooke denied this Motion.  Plaintiff now objects to these decisions, and asks this Court to review and amend Judge Cooke's orders.  The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1)(A)–(c) and Local Rules IB 3–1 and 3–2 and determines that Judge Cooke's orders are not clearly erroneous or contrary to law. For the reasons discussed below, the Court finds a good and sufficient basis for Judge Cooke

granting Defendants' Motion for Summary Judgment and denying Plaintiff's Motion for an Emergency Preliminary Injunction. The Court also denies Matthews' request for injunctive relief and damages contained in his Errata Notice (#217).

## DISCUSSION

### I.   Standard of Review

A court will grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 249 (1986). In evaluating a motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).

The movant bears the burden of showing that there are no genuine issues of material fact. *Id.* "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the movant satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

The Court also notes the well-established rule that *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). This is particularly true in civil rights cases. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (holding that courts must afford *pro se* plaintiffs "the benefit of any doubt").

**II.     Motion for Summary Judgment**

Defendants have moved for summary judgment on each of Matthews' claims. The Court considers each argument in turn.

    **A.     Res Judicata**

Defendants moved for summary judgment on Matthews' claim that they violated his Fourteenth Amendment due process rights by placing the "aggressive homosexual" label in his file without providing notice or a hearing. Defendants argue this claim is barred by *res judicata* because it was already decided in *Matthews I*, when it was ultimately dismissed with prejudice for failure to state a claim. Magistrate Judge Cooke agreed with Defendants, holding that *res judicata* applied because the Court's decision in *Matthews I* constituted "final judgment on the merits."

The Court agrees with Judge Cooke's recommendation. *Res judicata*, or claim preclusion, bars all grounds for recovery which could have been asserted in a prior suit between the same parties on the same cause of action. *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). In order for *res judicata* to apply, the previous adjudication must (1) involve the same claim as the later suit; (2) have reached a final judgment on the merits; and (3) involve the same parties or their privies. *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir. 1993).

The Court finds each of these requirements has been met. First, the same claim at issue in *Matthews I* is present in the case before the Court. Matthews alleges in both cases that the defendants violated his due process rights by labeling him an aggressive homosexual. Thus, both claims involve similar parties and the same allegations and facts. In fact, had *Matthews I* gone to trial, the same evidence would have been presented there that would be presented in the case

before the Court.  Because it finds both claims arise from the same nucleus of facts, the Court determines that the first element of *res judicata* has been met.

Second, this Court's decision in *Matthews I* constituted a final judgment on the merits.  In *Matthews I*, the Court dismissed all of Plaintiff's claims with prejudice, including the claim that his due process rights had been violated because the "aggressive homosexual" label had been placed in his file unlawfully.  Under Rule 41(b), dismissal with prejudice constitutes an "adjudication on the merits."  Fed. R. Civ. P. 41(b); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006).  Finally, *res judicata* applies because the two cases involve the same parties or privies.  Although Plaintiff named different individuals in both cases, the defendants in both disputes are current or former employees of the Nevada Department of Corrections.  For this reason, the Court finds there is privity between the defendants in *Matthews I* and the Defendants currently before the Court.  *See Funds for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992) (Privity exists "between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government.").

In conclusion, because the three elements of *res judicata* apply to this case, the Court finds Matthews is precluded from relitigating whether his due process rights were violated when he was labeled an "aggressive homosexual."  Summary judgment on this claim is granted.

**B.     Due Process Claims in Count II**

Matthews also claims Defendants violated his due process and equal protection rights by transferring him to administrative segregation rather than to protective segregation. Judge Cooke granted summary judgment in favor of Defendants on this issue.  The Court agrees with this decision.  The Court first notes that inmates do not have a right under the Fourteenth Amendment to be housed with the general prison population.  *Hewitt v. Helms*, 459 U.S. 460, 466–67 (1983).  As long as the confinement at issue does not otherwise violate an inmate's constitutional rights, prison authorities' decisions regarding confinement are not reviewed by the

6

1  courts. *Id.* at 467.  Thus, Matthews is entitled to relief only if Defendants' decision to send him to
2  administrative segregation violated some other right under the Constitution.  As Plaintiff has
3  alleged due process and equal protection violations, the Court's inquiry begins there.

### 1.  Equal Protection

Plaintiff alleges Defendants wrongly discriminated against him on the basis of his alleged sexual orientation.  According to Matthews, Defendants have placed other inmates facing the threat of physical bodily harm in protective segregation, but they did not do so for Matthews because he had been labeled an aggressive homosexual.

Matthews' equal protection claim fails as a matter of law.  As noted, Plaintiff claims he has been discriminated against on the basis of his alleged sexual orientation.  Because homosexuals are not a protected class under the law, Matthews' equal protection claim is proper only if he can show that Defendants' decision to send him to administrative segregation was not rationally related to a legitimate penological interest.  *See Turner v. Safley*, 482 U.S. 78, 89–90 (1987).  Matthews has failed to make such a showing.  Plaintiff has brought forth no evidence indicating that Defendants were acting for any reason other than a desire to place him in an appropriate facility based on the information before them.  As Matthews' equal protection claim is based solely on the unsubstantiated assertion that Defendants discriminated against him based on his sexual orientation, the Court finds no merit in his equal protection claim.

### 2.  Due Process

Although the Due Process Clause does not mandate that inmates be housed with the rest of the prison population, it does require that prison officials comply with certain procedural requirements.  First, a prisoner must be given the opportunity to present his case to the appropriate prison official "within a reasonable time after [he] is segregated." *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986).  Second, an inmate must receive periodic hearings while in administrative segregation to determine if segregation is still appropriate. *Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th Cir. 1990).

AO 72
(Rev. 8/82)

After reviewing the evidence, the Court finds these two due process requirements have been met. Matthews was placed in administrative segregation on November 9, 2005. Five days later, on November 14, Matthews received an initial due process hearing regarding his administrative segregation. The Court finds that the November 14th hearing satisfies the due process requirements of the Fourteenth Amendment. *See McFarland v. Cassady*, 779 F.2d 1426, 1426–27 (9th Cir. 1986) (holding that a hearing within five weeks of administrative segregation was reasonable under the due process clause). Furthermore, the Court finds Defendants, by giving Matthews at least one review hearing each month (Dkt. #169, Ex. B, 12–14), have provided sufficient periodic hearings to satisfy due process requirements regarding continued administrative segregation. *See Toussaint*, 926 F.2d at 803 (holding that a hearing every 120 days satisfies due process requirements). For these reasons, the Court finds Defendants did not violate Matthews' due process rights when they sent him to administrative segregation.

### 3. Other constitutional rights

The Court concludes that neither Matthews' equal protection rights nor his due process rights were violated when Defendants sent him to administrative segregation. Matthews has not alleged that placement in administrative segregation violated any other constitutional rights. Neither is the Court able to identify any other constitutional violations. Defendants' Motion for Summary Judgment on this claim is granted.

### C. Retaliation

Matthews also alleges Defendants violated his First Amendment rights when they sent him to administrative segregation in retaliation for making comments regarding how the State of Nevada treats sex offenders. In order to successfully assert a retaliation claim, an inmate must demonstrate (1) a state actor took adverse action against the inmate; (2) because of that prisoner's protected conduct; (3) such action chilled the inmate's exercise of his First Amendment rights; and (4) the action did not advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2004). The Court also notes (1) that the inmate bears the burden of pleading and

proving that the state's actions did not advance a legitimate correctional goal; and (2) that courts accord deference to prison officials when evaluating retaliation claims. *Pratt v. Rowland*, 65 F.3d 802, 806–07 (9th Cir. 1995).

Judge Cooke determined that Matthews' retaliation claim under the First Amendment failed as a matter of law. The Court agrees. Matthews has brought forth no evidence to support his assertion that Defendants transferred him to administrative segregation in retaliation against him. Consequently, Matthews has failed to show that Defendants did not act pursuant to a legitimate correctional goal. The Court also accords deference to Defendants' assertion that they transferred Matthews for safety reasons. For these reasons, Defendants' Motion for Summary Judgment on Plaintiff's retaliation claim is granted.

### D. Failure to Protect

Matthews did not expressly bring a claim under the Eighth Amendment for failure to protect. Nonetheless, Matthews makes two allegations of physical harm that could give rise to such a claim. First, Matthews claimed that he was shoved by his cellmate. Second, he made a vague reference to being "attacked," and then being the victim of libel and slander following the attack. (Dkt. #1, Cmpl.). Defendants requested that Judge Cooke address this claim in the event an allegation for failure to protect could be inferred from Matthews' Complaint. Judge Cooke granted this request. Noting that the Court is required to liberally construe *pro se* complaints, the Court concludes Judge Cooke was correct in finding a claim for failure to protect in Matthews' complaint. The Court now addresses whether Defendants are entitled to summary judgment on this claim.

In order to establish an Eighth Amendment claim for failure to protect, an inmate must show (1) that his incarceration posed a "substantial risk of serious harm" and (2) that prison officials acted with "deliberate indifference" towards him by disregarding an "excessive risk to [his] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 37 (1994). After reviewing the evidence, Judge Cooke determined Defendants were entitled to summary judgment on this claim.

1  For two reasons, this Court agrees.  First, Matthews has made only two vague allegations of
2  physical injury, and he has not alleged that either incident caused him any significant harm or that
3  he has otherwise been exposed to a "substantial risk of serious harm."  Second, Matthews has
4  brought forth no evidence indicating that Defendants have "deliberately disregarded an excessive
5  risk" to Matthews' health or safety.  In fact, the evidence arguably suggests the opposite:
6  Defendants have consistently argued that Matthews was placed in administrative segregation as a
7  safety precaution.  And at the very least, placement in administrative segregation removed
8  Matthews from the serious harm needed to establish a claim for failure to protect under the Eighth
9  Amendment.  For these reasons, the Court grants summary judgment on Matthews' claim for
10 failure to protect.

### E.  Qualified Immunity

Defendants also argue that summary judgment is appropriate because they are immune from suit based on the doctrine of qualified immunity.  Because the Court grants summary judgment in favor of Defendants on all counts, it finds the qualified immunity defense to be moot, and it declines to address the issue at this time.

### III.  Motion for a Preliminary Injunction

On November 10, 2008, Matthews filed an objection to Judge Cook's Report and Recommendation regarding his Motion for an Emergency Preliminary Injunction.  In this Motion, Matthews asked the Court to (1) grant Bivens Act jurisdiction for an unknown Clark County officer; (2) grant an injunction preventing the use of Matthews' prison files; (3) grant an injunction preventing Defendants from tampering with Matthews' mail; and (4) call an evidentiary hearing. (Dkt. #191, Mot. for Emergency Prelim. Inj.).  Judge Cooke determined that because Defendants were entitled to summary judgment on each of Matthews' claims, his Motion for an Emergency Preliminary Injunction was moot.

The Court agrees with Judge Cooke.  "Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live

controversy exists." *Foster v. Carson*, 347 F.3d 732, 745 (9th Cir. 2003) (internal quotations omitted).  In other words, "[i]f there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Id.*  Given this doctrine, the Court no longer has jurisdiction to adjudicate Matthews' motion because it has granted summary judgment in favor of Defendants on each of his claims.  Matthews' Motion for an Emergency Preliminary Injunction is denied as moot.

**IV.     Errata Notice**

On November 19, 2008, Matthews failed an Errata Notice (#217) seeking to correct Defendants' allegation that Matthews was placed in administrative segregation for his protection. Alleging that Defendants placed him in segregation in order to punish him, Matthews asked the Court to expunge his prison record and award damages for wrongful placement in administrative segregation.  Plaintiff's Motion is untimely: the Court addressed Matthews' placement in administrative segregation when it considered his objection to Judge Cooke's Report and Recommendation regarding Defendants' Motion for Summary Judgment.  Accordingly, the requests contained in Matthews' Errata Notice are denied as moot.

**CONCLUSION**

According, and for good cause appearing,

IT IS HEREBY ORDERED that Magistrate Judge Cooke's Order granting Summary Judgment (#209) is AFFIRMED and ADOPTED and Plaintiff Felton Matthews' Objection (#211) is OVERRULED.

IT IS ALSO ORDERED that Magistrate Judge Cooke's Order Denying Matthews' Motion for a Preliminary Injunction (#210) is AFFIRMED and ADOPTED and Matthews' Objection (#215) is OVERRULED.

/

/

/

IT IS ALSO ORDERED that Matthew's Errata Notice (#217) is DENIED as moot.

The Clerk of the Court is ordered to close this case.

Dated: January 5, 2009.

_____
**ROGER L. HUNT**
**Chief United States District Judge**