# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FELTON C. MATTHEWS, JR., | |
|     Plaintiff(s), | Case No. 3:06-cv-00401-RLH-VPC |
| vs. | **O R D E R** |
| A. ENDEL, *et al.*, | (Motion for Relief from Judgment–#240) |
|     Defendant(s). | |

Before the Court is Plaintiff's Motion for Relief from Judgement: FRCP 60B(106) (#240, filed May 28, 2010) Defendants' Response (#241) was filed June 4, 2010. Plaintiff's Reply (#242) was filed June 14, 2010. The Motion will be denied for the following reasons:

The basis for Plaintiff's Motion for Relief is fraud by the "opposing parties," and newly discovered evidence. First, the newly discovered evidence referred to is not new and was, in fact, addressed in this Court's order addressing Plaintiff's Motion to Amend or Correct (#204)

Although not mentioned in any of the Federal Rules of Civil Procedure, motions for reconsideration may be brought under both Rules 59(e) and 60(b). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

/ / / /

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. A motion for reconsideration is properly denied when it presents no arguments that were not already raised in its original motion. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex. 1994)(footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

Plaintiff has not presented sufficient grounds to justify the granting of the motion.

More important, a motion for reconsideration based on newly obtained evidence or fraud must be brought within one year of entry of final judgment. Fed. R. Civ. P. 60(c)(1). An appeal was filed, but not pursued, by Plaintiff. It was dismissed and the mandate spread on the record. A pending appeal does not toll the one-year time limit *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989). Final Judgment was entered in this case on January 7, 2009. (#219). Matthews filed this motion on May 24, 2010, more than a year after judgment (actually 16 months after). Accordingly, the motion is untimely and must be dismissed because this Court lacks jurisdiction to address this motion. *Nevitt*, 886 F.2d at 1188.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Relief from Judgement: FRCP 60B(106) (#240) is DENIED.

Dated: August 13, 2010.

_____
Roger L. Hunt
Chief United States District Judge